IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERNESTO HERCULES, *et al.*,      *

    *Plaintiff,*      *

v.      *      Civil No. RDB-16-0800

JOSEPH ERNEST, *et al.*,      *

    *Defendant.*      *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 18, 2016, Plaintiffs Ernesto Hercules, Jaun Misael Salguero Mejia, Yoni Alexi Abrego Abrego, Jose Orlando Hernandez Hercules, Saul Adalberto Hernandez Hercules, Jose Tito David Rosa Ayala, and Jesus Zepeda (collectively, "Plaintiffs") filed a Complaint against Defendant Joseph Ernest alleging that he violated provisions set forth under the Maryland Wage Payment and Collection Law, the Fair Labor Standards Act of 1938, and the Maryland Wage and Hour Law by not paying Plaintiffs the requisite overtime wages. (ECF No. 1.) On March 21, 2016, Plaintiffs filed an Amended Complaint adding Jim Martin ("Mr. Martin") as a Defendant and asserting the same claims. (ECF No. 3.)

On August 3, 2016, the Plaintiffs filed Proof of Service on Mr. Martin. (ECF No. 5.) On February 8, 2017, Plaintiffs filed a Motion for Clerk's Entry of Default against Mr. Martin only. (ECF No. 6.) In this Motion, Plaintiffs stated, "Upon information and belief, Joseph Ernest is deceased." (*Id.*) On February 8, 2017, the Clerk of this Court issued a Clerk's Entry of Default against Mr. Martin for failure to plead or otherwise defend as directed in the Summons. (ECF No. 7.) On June 12, 2017, the Plaintiffs filed a Motion for Entry of Default Judgment. (ECF No. 8.) The same day, this Court entered an Order of Default Judgment in favor of the Plaintiffs in the amount of $196,371.24 plus $10,701 in attorneys' fees and $630.97 in costs. (ECF No. 9.) On November 2,

2017, the Plaintiffs filed a Request to Enroll a Foreign Judgment in the Circuit Court for Anne Arundel County, Maryland, against *both* Defendants. (ECF No. 11-4.) On December 1, 2017, Mr. Ernest (who is not deceased) filed in this Court the pending Motion to Vacate Order of Default Judgment. (ECF No. 11.) The Plaintiffs responded on December 6, 2017. (ECF No. 12.)

## ANALYSIS

### I. Default Judgment Against Mr. Ernest

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) the Federal Rules of Civil Procedure states, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).[1] Relief due to a mistake is available for mistakes made by a party or their counsel. *See Point PCS, LLC v. Sea Haven Realty & Constr.*, 95 F. App'x 24, 27 (4th Cir. 2004) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 (4th Cir. 1988)); *see also Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 722 (10th Cir. 2008) (finding that Rule 60(b) may encompass when "a party has made an excusable litigation mistake"). Relief is also available under Rule 60(b) for "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

The Plaintiffs concede in their Response that they "do not believe that there currently is a default against Defendant Joseph Ernest" as "[a]ny references made to Defendant Joseph Ernest in the Motion for Default against Jim Martin was an inadvertent error." (ECF No. 12.) Notwithstanding Mr. Ernest's allegations of fraud and misconduct (*see* ECF No. 11), the Plaintiffs' ambiguous inclusion of Mr. Ernest in the Motion for Default constitutes a "mistake" under Rule

---

[1] Under Rule 60(c)(1) of the Federal Rules of Civil Procedure, a party bringing a motion under Rule 60(b)(1) must do so "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Mr. Ernest's Motion, filed on December 1, 2017, was submitted within a year of the Order of Default Judgment, which was entered on June 12, 2017.

2

60(b)(1).[2] Accordingly, Mr. Ernest's Motion to Vacate the Default Judgment (ECF No. 11) is GRANTED, and this Court will set aside the Default Judgment entered against him.

## II. Failure to Serve Process on Mr. Ernest

With the Default Judgment against Mr. Ernest set aside, Plaintiffs' claims against Mr. Ernest remain pending. However, the Plaintiffs have failed to prosecute these claims against Mr. Ernest by not effecting service of process within 90 days of the pleading, as required by Local Rule 103.8(a). This Court will hereby issue a Show Cause Order providing Plaintiffs with 14 days to show good cause why this Court should not dismiss those claims.

## **CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED this 26th day of July, 2018 that:

1. Mr. Ernest's Motion to Vacate the Default Judgment (ECF No. 11) is GRANTED.
2. The Default Judgment against Mr. Ernest is VACATED;
3. Pursuant to Local Rule 103.8(a), the Plaintiffs must show cause why the remaining claims against Mr. Ernest should not be dismissed; and
4. If the Plaintiffs fail to show good cause within 14 days of the entry of this Order, the remaining claims against Mr. Ernest shall be dismissed without prejudice.

_____
Richard D. Bennett
United States District Judge

---

[2] Alternatively, relief is available under Rule 60(b)(3) for the Plaintiffs' *unintentional* "misrepresentation."